Jack M. WALLS, d/b/a Jack M. Walls
Plumbing and Heating Company,
Appellant,

v.

Helen RUSSELL, Appellee.

No. 46100.

Court of Appeals of Oklahoma,
Division No. 2.

Jan. 15, 1974.

Rehearing Denied Jan. 31, 1974.

Released for Publication by the Court of
Appeals Feb. 28, 1974.

John B. Baumert, and William S. Horton, McAlester, for appellant.

W. H. Layden, McAlester, for appellee.

BRIGHTMIRE, Presiding Judge.

The sole issue here is whether the court erred in awarding attorney fees only to appellee Russell following her successful defeat of appellant's mechanic's lien foreclosure action. Appellant says he did because appellee's cross-action for damages also failed and therefore either both or neither of the parties should recover attorney fees.

Appellant plumber initiated this suit to obtain judgment against appellee Russell for an unpaid balance alleged to be due under a plumbing contract together with interest, costs, and attorney fees and to foreclose a mechanic's lien he filed on appellee's realty involved in the indebtedness. Appellee defended herself answering that the $6,186 she had already paid appellant exceeded what was due him because of certain changes made by mutual agreement and asked that appellant be denied any relief. Besides her answer appellee filed a cross-petition seeking damages from appellant resulting from his breach of his contract with her. She, too, asked for attorney fees.

Various disputed contractual factual details were given to a jury for resolution and it returned this verdict: "We . . . find for neither the plaintiff nor the defendant and find that neither shall recover from the other." Judgment was entered accordingly concerning which neither party complains.

But then some 12 days later appellant filed a "Motion for Allowance of Attorney Fees" saying his success in defeating appellee's cross-petition made him a prevailing party entitled to attorney fees under the terms of 12 O.S.1971 § 936 [1] because appellee's action related "to the purchase or sale of merchandise or for labor or services" not "otherwise provided by contract." This motion must have aroused appellee because the next day she too filed an application for attorney fees as the prevailing party in appellant's lien foreclosure action as authorized by 42 O.S.1971 § 176.[2]

These motions were heard September 21, 1972. Evidence was adduced in support of each followed by extended argument. The trial court granted appellee's motion for attorney fees, denied appellant's, and explained his ruling this way: "The Court feels that the initial petition more or less determines the cause of the action. And the Defendant was compelled to hire Counsel to defend against this, that the jury, in effect, said that the petition was not [sic] without merit because of the things set forth in the cross petition. For that reason, I believe that the Defendant is entitled to attorney's fees in the amount of $972.00, which will be the Order of the Court."

Several interesting facts came to light during the hearing. Appellee's attorney testified he "took the case on a contingent fee basis of 40% of whatever was saved and/or recovered." The time he spent on

the case included "two Pre-trial docket calls . . . two days trial . . . three hours of depositions . . . four hours of preparation . . . three hours of witness preparation . . . two hours spent" helping appellant. And regarding the total amount of appellant's lien claim defeated by appellee the lawyer testified that "the Lien was filed for $1,760.00 . . . two years of interest, equalling $353.00, and . . . in the event of a default in favor of plaintiff, attorneys fees due then, in the minimum amount of $310.-00, which makes a total that the plaintiff would recover . . . of $2,430.00 . . . 40% of that, which was saved by my client is $972.00." His attorney fee expert placed a reasonable fee at $980 based on $30 an hour for pre-trial work and $250 a day for trial time.

Appellant's evidence stressed defeat of appellee's cross-action which had sought $2,800 worth of damages. One of appellant's attorneys testified that upon being "brought in to assist in the case" he carefully reviewed it and before trial "personally offered to settle on the exact same basis" as that which resulted from the jury verdict—that is, appellant offered to dismiss his petition if defendant would dismiss her cross-action. Thus, argued appellant to the trial court, one of the significant elements going to make up a reasonable fee—results accomplished by the trial—was neutralized since appellee accomplished naught but energy wastage by going to trial. Appellee's attorney on the other hand rejected this idea saying this lawsuit "any way you want to cut it out," is but an action to foreclose a materialman's lien. "And any cross petition or anything else," continued the lawyer, "is purely and simply defensive matter to get away from that foreclosure."

---

1. "In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

2. "In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

While we do not find the attorney fees award of $972 unreasonable we likewise do not find appellee's contingency contract to pay her lawyer 40% of the amount he "saves" her in defending appellant's lien foreclosure action an appropriate basis for determining a reasonable fee. When authorized to do so the court in fixing the value of a reasonable fee should consider the amount involved in the litigation, the intricacies of the facts and law of the case, and every other fact or circumstance bearing on fair compensation for the professional services rendered. Miller v. Burkett, 191 Okl. 521, 130 P.2d 996 (1942); First Nat'l Bank v. Stricklin, Okl., 347 P.2d 652 (1959).

The difficulty we have in this case is discovering a basis for disallowing an award of attorney fees to appellant as the prevailing party in regard to appellee's cross-action—an action which in our opinion comes clearly within the purview of 12 O.S.1971 § 936.

We hold under the circumstances of this case both parties prevailed as defendants and both failed to prevail as plaintiffs. Technically, actually, and legally two separate actions were involved—two actions which were in effect consolidated for trial. Only appellant could voluntarily dismiss his petition; only appellee could dismiss her cross-petition. Each action was such as to come within the terms of two separate statutes authorizing recovery of attorney fees by the prevailing party. Each action should, therefore, have been dealt with individually with regard to awarding attorney fees. So far only an award for defeat of the petition has been made. This we affirm. We vacate the order denying appellant's motion requesting attorney fees for his triumph over the cross-petition.

The cause is therefore affirmed in part and reversed in part and remanded with instructions to fix and award appellant reasonable attorney fees earned by his lawyers in overcoming the cross-petition.

BACON and NEPTUNE, JJ., concur.