**W. R. RUSSELL, Appellee,**

v.

**L. K. FLANAGAN, dba Flanagan Rooting and Pipe Cleaning, Appellant.**

**No. 47698.**

Supreme Court of Oklahoma.

Dec. 23, 1975.

ing in his affidavit that appellant was indebteded to him "in the sum of $400.00 for breach of warranty on labor contract, including punitive damages for refusal to correct faulty workmanship, attorney's fees of $150.00 and costs." Appellee had hired appellant to service his sewer line, for which service appellant was paid $24.50 on October 8, 1973.

The receipt given appellee stated: "Sewers guaranteed 90 days against Roots only. Sinks guaranteed 30 days."

When appellee experienced sewer line problems again on November 2, 1973, he requested appellant to return and do additional work without charge, which appellant refused to do, and this dispute arose.

The action was tried to a jury and judgment was returned in favor of appellant.

Thereafter, appellant filed a motion to assess attorney fees as costs to the prevailing party under 12 O.S.1971, § 936. The trial court denied the motion and this denial is the subject of this appeal. The Court of Appeals reversed the trial court. We Grant Certiorari, Vacate the opinion of the Court of Appeals and Affirm the trial court.

■ The trial court's denial was based on his finding that appellee's suit was actually in tort, not contract and that § 936, supra, was therefore inapplicable. We disagree with the trial court's assessment of the litigation but we are of the opinion that the judgment denying the requested attorney fees was correct. Where a trial court reaches a correct decision although based upon wrong reasons or an incorrect theory, it will not be reversed. *State ex rel. Commissioners of the Land Office v. Landess*, Okl., 293 P.2d 574 (1956).

While appellant is correct in his contention that appellee's action was based on contract (specifically upon assertions that appellant failed to properly perform his duties under the contract) he is mistaken in his belief that this is the type of action that comes within the provisions of § 936, supra.

Tom T. Pruitt, Oklahoma City, for appellee.

Merson, Campbell & Dick, Oklahoma City, for appellant.

SIMMS, Justice:

Appellee, plaintiff below, brought a small claims action against appellant alleg-

Title 12, O.S.1971, § 936 provides:

"**§ 936. Attorney Fees Taxed As Costs In Actions On Certain Accounts, Bills And Contracts**

In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, *or for labor or services,* unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

■ We are of the opinion that the phrase "or for labor or services" properly comes within the initial category of "a civil action" not, as appellant contends, the antecedent classification of a "contract relating to . . . ."

We believe that the addition of the phrase "or for labor or services" by amendment to the statute in 1970 was intended by the legislature to be limited to those situations where suit is brought for labor and services rendered. We believe that an improper and unintended meaning would result if, as appellant contends, this clause were construed to allow attorney fees in the all encompassing field of "contracts related to . . ., labor or services."

It is our opinion that the clauses of the statute are arranged in an illusory sequence and that to arrive at the obvious intent of the legislature we must transpose the sections of the statute to read:

" * * instrument, or for labor or services, or contract relating to, * * * "

■ Where the legislative intent would be defeated by construction of a statute as written the Court may transpose words and phrases as is necessary to arrive at the true meaning.

As stated in the syllabus by the Court in *Talley v. Harris,* 199 Okl. 47, 182 P.2d 765 (1947):

"3. The Court in construing a statute may re-arrange and transpose the various clauses thereof, if necessary to do so in order to arrive at the intent of the legislature as expressed in the statute."

■ We note that Appellant relies on two decisions of the Court of Appeals to support his position that this action comes within the purview of § 936, supra. In *Jeffcoat v. Highway Contractors, Inc.,* Okl.Ct.App., 508 P.2d 1083 (1972), and, *Walls v. Russell,* Okl.Ct.App., 519 P.2d 936 (1974), attorneys fees were allowed under the "labor services" clause of § 936.

In *Jeffcoat, supra,* plaintiff had a contract to fell timber and clear trees and brought suit to recover the contract price. Judgment was for plaintiff and he was awarded attorney fees as the prevailing party. The attorney fees were properly awarded as the action was one brought for labor and services. Obviously, the existence of a contract in *Jeffcoat* is not material to the outcome.

*Walls v. Russell, supra,* was also a suit initiated for labor and services. There plaintiff plumber sought recovery against landowner for money due and owing on plumbing contract and to foreclose mechanics lien. Defendant landowner cross-petitioned for breach of contract. Both parties successfully defended the actions against them and neither recovered on their petitions. Both parties sought attorney fees but the trial court awarded attorney fees only to defendant landowner for her successful defense of the lien action. 42 O.S.1971, § 176. The Court of Appeals reversed the trial court in part, awarding attorney fees to plaintiff for successfully defending against defendant's cross-petition for breach of warranty under § 936, supra. This, of course, was not an action for labor or services and to the extent that *Walls v. Russell, supra,* is inconsistent with this decision, it is overruled.

For the instant action, plaintiff sought judgment for breach of warranty. While this may be an action collaterally concerning labor or services, it is not a civil action for labor or services within the meaning of the statute, and § 936 is, therefore, inapplicable.

The judgment of the trial court denying appellant's motion for attorney fees was correct.

We therefore vacate the opinion of the Court of Appeals, and Affirm the judgment of the trial court.

WILLIAMS, C. J., and DAVISON, IRWIN, BARNES, SIMMS and DOOLIN, JJ., concur.

HODGES, V. C. J., and LAVENDER, J., dissent.