Jackie A. ARINE, Appellee,

v.

Robert J. D. McAMIS, Appellant,

and

Wesley J. Wing, Appellee,

Haymaker Sales, Inc., Stakeholder.

No. 50454.

Supreme Court of Oklahoma.

Nov. 27, 1979.

---

11. *Danner v. Chandler, 205 Okl. 181, 236 P.2d 503, 506 (1951); Titsworth v. State, 368 P.2d 526 (Okl.Crim.1962).*

Fenton R. Ramey, Yukon, for appellees.

Gary F. Duckworth, Lampkin & Wolfe, Oklahoma City, for appellant.

SIMMS, Justice:

This is an appeal by Robert McAmis from a judgment in favor of Jacqueline Arine, Appellee, allowing her to rescind a contract to purchase his quarter horse mare, LaGo-Go, and recover damages. The mare was acquired for breeding purposes and was later found to be incapable of conceiving.

Appellee Arine first purchased the mare for $5700.00 at a horse auction conducted by Haymaker Sales Co., Inc., relying on an announcement from the sale ring that the mare was in foal. Subsequent examination by a veterinarian disclosed that she was not in foal and appellee called McAmis and advised him that she was rescinding the purchase contract. Upon further discussion and based on McAmis' assurances that the mare was fertile, the parties struck a new bargain; appellee purchased the mare for $4000.00 and transported her to appellee's California horse farm. There, appellee's veterinarian examined the mare and found that she could not conceive.

After her tender of the mare's return to appellant was refused, Arine brought an action in the District Court of Canadian County seeking rescission of the final sale and damages for breach of warranty. McAmis filed a general denial and cross-petitioned against Wesley Wing, from whom he had purchased LaGoGo at a broodmare sale, for breach of express and implied warranties.

The trial court, in non-jury trial, entered judgment in favor of Arine against McAmis and in favor of Wing on the cross-petition of McAmis. The contract of sale between Arine and McAmis was ordered rescinded and McAmis was directed to reimburse Arine $960.00 for LaGoGo's upkeep. Both Arine and Wing recovered their costs and attorney fees.

McAmis brought this appeal as to both Arine and Wing, however, in his brief he abandons the appeal as to Wing. As to Arine, McAmis claims that (1) the trial court erred in allowing Arine to recover attorney fees; and (2) the judgment in favor of Arine is not supported by the evidence.

In support of his appeal, McAmis cites *Globe & Republic Ins. Co. v. Independent Trucking Co.*, Okl., 387 P.2d 644 (1963) for the proposition that attorney fees are not recoverable except in cases where they are expressly authorized by statutes or agreement. He points out there is no agreement concerning attorney fees in this case and further asserts that there is no statutory authorization for the award of attorney fees.

Two statutes evidence the Legislature's intention to offer broad protection to those seeking to assert and defend their commercial rights. 12 O.S.Supp.1978, § 939, provides:

"In any civil action brought to recover damages for breach of an express warranty . . . the prevailing party shall be allowed a reasonable attorney fee to be set by the court, which shall be taxed and collected as costs."

Title 12, O.S.1971, § 936, provides:

"In any civil action to recover on an open account, a statement of account, account

stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

McAmis insists that because Arine sought to rescind the contract, she did not seek to "recover on" the contract and this statute is inapplicable. We believe this would be an unduly narrow reading of the statute.

Appellee Arine brought a civil action seeking rescission and damages on a contract relating to the purchase of goods. She was the prevailing party; she obtained judgment for the purchase price ($4000.00) and damages for her expenses ($960.00). She has certainly "recovered on" the contract as surely as if the suit had been brought only for damages. If the Legislature had intended to limit attorney fee recovery to actions brought for ordinary damages they would have done so. They chose instead to extend protection to litigants enforcing their commercial rights by using the more general word "recover".[1] Section 936 supports the trial court's award of attorney fees to appellee.

 As to appellant's argument that the evidence does not support the judgment, review of the record discloses evidence presented in support of each of Arine's allegations. Rescission is an equitable action controlled by principles of equity and it is a remedy which can be conferred by equity alone. In such an action this Court will examine the record and weigh the evidence, but will sustain the trial court's judgment unless clearly against the weight of the evidence, or contrary to law or established principles of equity. See, e. g., *Ionic Petroleum*, Okl., 411 P.2d 492

(1966); *Campbell v. Johnson*, 131 Okl. 79, 267 P. 661 (1926).

The judgment is affirmed.

All the Justices concur.

---

1. Black's Law Dictionary, Fourth Ed., defines "recover" in pertinent part as follows: "To get or obtain, to collect, to get renewed possession of; to win back; to regain; . . In a narrower sense, to be successful in a suit to collect or obtain amount, to have judgment, to obtain a favorable or final judgment, to obtain in any legal manner in contrast to voluntary payment. (Citations Omitted)"