**INDEPENDENT SCHOOL DISTRICT NO. 4 OF ROGERS COUNTY, Oklahoma, Appellee,**

**v.**

**ENERGY CONSERVATION ENGINEERING, INC., an Oklahoma corporation, Appellant.**

**No. 64892.**

Court of Appeals of Oklahoma, Tulsa Division.

Oct. 14, 1986.

Steven K. Bunting, Rosenstein, Fist & Ringold, Tulsa, for appellee.

Harry M. Crowe, Jr., Crawford, Crowe & Bainbridge, P.A., Tulsa, for appellant.

## MEMORANDUM OPINION

MEANS, Presiding Judge.

This appeal was placed on the Accelerated Docket for early disposition. Oral argument was waived and the case was decided in conference.

Defendant Energy Conservation Engineering, Inc., appeals from the trial court's award of attorney's fees in this breach of contract action. Having reviewed the record and applicable law, we reverse.

Plaintiff School District brought this action against Defendant and others not parties to this appeal for breach of a contract to improve the heating system at the Oologah schools. After the work had been performed by Defendant and others, Plaintiff discovered that the heating system was inadequate for its needs. Plaintiff brought this lawsuit against Defendant engineering firm, the contractor, and the surety. Among its allegations, Plaintiff claimed that Defendant failed to properly survey, supervise, and inspect the work as promised in the contract. Plaintiff further asserted that Defendant's plans did not conform to good engineering practices.

A jury returned a verdict in favor of Plaintiff on its claims against Defendant. Plaintiff then requested attorney's fees pursuant to 12 O.S.1981 § 936. From the trial court's order granting attorney's fees, Defendant has appealed.

On appeal, Defendant asserts that the cause of action does not fall within the provisions of section 936 which allow for attorney's fees. This court agrees. In *Russell v. Flanagan,* 544 P.2d 510, 512 (Okla.1975), the court construed section 936 and its pertinent provisions regarding "labor or services," in the following:

> We believe that the addition of the phrase "or for labor or services" ... was intended by the legislature to be limited to those situations where suit is brought for labor and services rendered. We believe that an improper and unintended meaning would result if ... this clause were construed to allow attorney fees in the all encompassing field of "contracts related to ..., labor or services."

The *Russell* court concluded that where the action is brought for breach of contract and only collaterally concerns labor or services, it is not a civil action for labor or services within the meaning of section 936.

The interpretation in *Russell* was again explained in *Burrows Construction Co. v. Independent School District No. 2 of Stephens County,* 704 P.2d 1136, 1138 (Okla. 1985) (footnotes omitted):

> It is the underlying nature of the suit itself which determines the applicability

of the labor and services provisions of section 936. If the action is brought for labor and services rendered, the provisions of section 936 apply. If the nature of the suit is for damages arising from the breach of an agreement relating to labor and services the provisions of this section do not necessarily apply. The question is whether the damages arose directly from the rendition of labor or services, such as a failure to pay for those services, or from an aspect collaterally relating to labor and services, such as loss of profits on a contract involving the rendition of labor and services.

In *Burrows*, as in the instant case, the breach of the alleged agreement "resulted in an increase in [Plaintiff's] costs under the construction contract. As such the action did not directly relate to the rendition of labor or services, and was thus not subject to the provisions of section 936." The *Burrows* court thus reversed the award of attorney's fees, finding no authority for fees in a breach of contract action.

The case on appeal, like *Russell* and *Burrows* was brought because Plaintiff was damaged as a result of Defendant's alleged breach of contract. This breach caused Plaintiff to expend further sums to correct the engineering problems in its buildings. The suit was clearly brought for breach of the construction and engineering contracts. Plaintiff's damages resulted in an increase in the costs of construction, just as the damages in *Burrows*. As such, the suit was for damages arising from the breach of the contracts and section 936 does not apply. The award of attorney's fees is reversed.

RAPP and STUBBLEFIELD, JJ., concur.