Ralph C. SEVELIN and Norma L. Sevelin, Appellants,

v.

Martin VAN METER, Appellee.

No. 65772.

Court of Appeals of Oklahoma, Division No. 4.

Aug. 4, 1987.

Rehearing Denied Sept. 8, 1987.

Certiorari Denied Nov. 24, 1987.

David W. Kelly, Durant, for appellants.

G. Wendell Cathey, Durant, for appellee.

BRIGHTMIRE, Presiding Judge.

The sole issue presented for review is whether the victorious defendant—in this action to recover damages alleged to have resulted from a failure of defendant real estate broker to properly perform under an oral contract relating to the purchase of real estate and construction of a home—is entitled to recover his attorney fee expense from his adversary. The trial court held that he was and awarded him $5,667.33.

We hold, however, the award is not authorized by law and vacate it.

## I

In October 1980, plaintiffs Ralph and Norma Sevelin, residents of California, contacted the defendant real estate broker, Martin Van Meter, concerning the purchase of residential real estate in Bryan County, Oklahoma. After purchasing two lots plaintiffs allege that Van Meter arranged a meeting with a "contractor and builder" and that Van Meter and the builder orally agreed to build a home to plaintiffs' specifications.[1] Van Meter also represented that he "was an agent for a company handling the bond money" with which the home was to be built and because the bond program ended in May 1981, the home would be completed by that time. A construction loan from Durant Bank and Trust Company was secured by Van Meter and plaintiffs authorized him to make periodic disbursements of the loan proceeds to finance construction.

The home was not completed by May 1981. Plaintiffs filed this action June 3, 1982, seeking actual and punitive damages for breach of an "oral agreement" to build a home as per certain specifications and to act as trustee of the construction loan money. The breach was alleged to have involved fraud, deceit, and misrepresentation on the part of defendant.[2]

On September 24, 1985, the jury returned a verdict for defendant Van Meter who filed a motion for an attorney fee on September 25, 1985. After hearing argument of counsel and taking evidence as to the value of legal services provided, the trial court held "that there were certainly issues of contracts involved and that those issues were sufficient to bring 12 [O.S.1981 §] 936 into play" and awarded a fee of $5,667.33. Plaintiffs appeal.

## II

Plaintiffs' legal proposition is that the attorney fee award to defendant was made under the provisions of 12 O.S.1981 § 936, which does not authorize such a fee.

Subject statute reads:

"In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

Plaintiffs argue that an attorney fee award is not authorized by § 936 "because the Plaintiffs' theory ... was based upon fraud and not based upon contract law." Van Meter, on the other hand, says that the pleadings and evidence clearly establish an oral agreement and therefore as the prevailing party he is entitled to an attorney fee under § 936 because it is an action

---

1. The builder was initially a co-defendant but the action against him was stayed June 3, 1985, due to voluntary bankruptcy proceedings.

2. The petition was amended July 19, 1983, and again after plaintiffs presented their evidence September 24, 1985, although the basic allegations remained the same.

based upon contract for his "services" as a real estate broker.[3]

We do not agree with plaintiffs' characterization of the suit as one based solely, or even primarily, on fraud. A review of the petition and its amendments, along with the jury instructions and final argument of plaintiffs' counsel, convinces us that the gravamen of plaintiffs' lawsuit is the alleged breach of an oral agreement to properly construct and complete plaintiffs' home and to "properly care for and supervise the disbursement" of the construction loan money. Appended to this cause is a request for punitive damages founded on the ground that the conduct constituting the breach was "deceitful and fraudulent" —a conclusion unaccompanied by any supportive pleaded fact.

But even though we agree with defendant that we are dealing with an action *ex contractu,* we are unable to agree that it comes within the ambit of § 936 for two reasons: (1) Plaintiffs are not seeking to recover on the type of contract contemplated by § 936 as interpreted by the Oklahoma Supreme Court in *Russell v. Flanagan,* 544 P.2d 510, 512 (Okl.1975), namely, a "contract relating to the purchase or sale of goods, wares, or merchandise," and (2) this action is not one by a party to recover for labor or services performed.[4]

### III

We hold that the award of an attorney fee judgment to defendant was unauthorized by § 936 or any other law that we can find and it is therefore vacated.

RAPP and REIF (sitting by designation), JJ., concur.

---

**3.** Van Meter also says that if "this is not an action in contract but in tort, then attorney's fees are allowed pursuant to 12 O.S.1981 § 940A." It is clear, however, that no allegation or proof of "negligent or willful injury to property" has been made and no further comment on the inapplicability of § 940 is necessary.

**4.** The high court held in *Russell* that § 936 was not to be construed as authorizing the court to award an attorney fee to the prevailing party in actions brought to enforce contracts for services.