**POWER LIFT, INC.,**
Petitioner–Appellant,

v.

**WEATHERFORD NIPPLE–UP SYS-TEMS, INC., Gary D. Millspaugh and John D. Lohmann,** Respon-dents/Cross–Appellants,

**Apache Corporation,**
Respondent–Appellee.

Nos. 88–1347, 88–1442.

United States Court of Appeals, Federal Circuit.

April 5, 1989.

Gary Peterson, Dunlap, Codding & Peterson, Oklahoma City, Okl., argued for petitioner-appellant. With him on the brief was Jerry J. Dunlap, Oklahoma City, Okl.

Peter B. Bradford, Daugherty, Bradford, Fowler & Moss, of Oklahoma City, Okl., argued for respondents/cross-appellants. With him on the brief was Ruth A. Brummett, Oklahoma City, Okl.

Lance Stockwell, Boesche, McDermott & Eskridge, Tulsa, Okl., argued for respondent-appellee. With him on the brief was Kenton W. Fulton, Tulsa, Okl.

Before MARKEY, Chief Judge,
SMITH and ARCHER, Circuit Judges.

MARKEY, Chief Judge.

Power Lift, Inc. (Power Lift) appeals from an order of the United States District Court for the Western District of Oklahoma, CIV 83–607–R, (Russell, J.) denying an application for a citation of civil contempt against Weatherford Nipple-up Systems, Inc. (Weatherford), Gary D. Millspaugh, John D. Lohmann and Apache Corporation (Apache). Weatherford cross-appeals an award of attorney fees and costs. We affirm in all respects.

## BACKGROUND

On April 14, 1986, the district court entered a Consent Judgment enjoining Weatherford from infringing certain claims of Power Lift's U.S. Patent No. 4,305,467.[1] In March 1986, Power Lift and Weatherford had entered a Settlement Agreement granting Weatherford a non-exclusive license providing for monthly royalties and authorizing Power Lift to terminate if royalties were not paid. Weatherford paid royalties quarterly through June 1987. Power Lift never objected to the amount or timing of those royalty payments.

On July 20, 1987, Power Lift terminated the license for failure to pay royalties and told Weatherford it would deem further practice of the invention an infringement in violation of the injunction. Power Lift then audited Weatherford's business records, revealing $621.49 in unpaid royalties. The audit established that Weatherford did not have a copy of the fully executed Settlement Agreement. The draft it had did not include a minimum royalty and provided for quarterly payment of royalties. Weatherford offered to pay any deficiency, but Power Lift never told Weatherford the amount of underpayment, stating only that the audit had confirmed an underpayment warranting termination. In January 1988, Weatherford tendered the amount of the deficiency as calculated by Weatherford, plus interest. Since the purported termination, Weatherford has repeatedly tendered, and Power Lift has refused to accept, payment for all royalties due.

On December 17, 1987, Power Lift applied for an order of civil contempt, alleging: (1) it validly terminated the license and Weatherford's practice of the invention thereafter constituted infringement in violation of the injunction; and (2) Weatherford employees Millspaugh and Lohmann and Weatherford contractor Apache aided and abetted the violation of the injunction.

The district court found that the Settlement Agreement was governed by Oklahoma law because it was made and performed in Oklahoma by Oklahoma residents, and specifically provided that it be governed by Oklahoma law. The district court went on to hold that, under Oklahoma law, contract termination clauses are enforceable but compelling equitable circumstances may justify relief from forfeiture.[2]

1. This court affirmed a judgment upholding validity and finding infringement of Patent No. 4,305,467 in *Power Lift, Inc. v. Lang Tools, Inc.*, 774 F.2d 478, 227 USPQ 435 (Fed.Cir.1985).

2. Okla.Stat.Tit. 23, § 2 (1981) provides:
Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in

the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of grossly negligent, wilful or fraudulent breach of duty.

Equitable circumstances found here by the district court include: (1) termination will destroy Weatherford's primary business and render worthless its primary assets; (2) Weatherford had only the draft agreement devoid of a minimum royalty provision; (3) underpayment was due to honest mistake; (4) Weatherford offered to pay any deficiency and, after Power Lift refused to disclose the amount due, Weatherford tendered the amount it calculated plus interest; (5) Weatherford tendered, and Power Lift refused to accept, payment for royalties due since the termination; and (6) Power Lift would benefit from termination. The district court held that the foregoing equitable circumstances compelled relief of Weatherford from forfeiture of its license and that Millspaugh, Lohmann, and Apache did not aid or abet any violation of the injunction.

Responding to Power Lift's assertion that failure to obtain a fully executed copy of the Settlement Agreement was gross negligence barring relief under the Oklahoma statute, the district court said: "In view of Power Lift's failure to object to the payments over a substantial period of time, Weatherford's failure to obtain a copy of the fully executed settlement agreement was not grossly negligent or wilful."

The district court denied Power Lift's application for a civil contempt order because Weatherford's reasonable good faith efforts to preserve the license constituted substantial compliance with the injunction. The court also found that Millspaugh and Lohmann acted reasonably and in good faith in seeking to avoid violation of the injunction, and that Apache's knowledge of Weatherford's efforts to preserve the license, along with its own efforts to insure its preservation, constituted substantial compliance.

The district court awarded attorney fees and costs to Power Lift, stating that the award was made under the Oklahoma forfeiture relief statute which mandates "full compensation", and noting a fee provision in the Settlement Agreement defining full compensation.[3]

Power Lift argues that the Oklahoma statute is preempted by federal patent laws. It challenges as clearly erroneous only one finding, *i.e.*, that Weatherford was not grossly negligent.

In cross-appealing the award of attorney fees and costs, Weatherford argues that Power Lift did not "prevail" as required by the Settlement Agreement.

## ISSUES

1. Whether the district court abused its discretion in reinstating the license agreement and denying Power Lift's application for civil contempt.[4]

2. Whether the district court abused its discretion in awarding attorney fees and costs to Power Lift.

## OPINION

### 1. Reinstatement Of The License Agreement

Though the parties argue that the district court's judgment was and was not "error", the court was here exercising equitable powers, and as above indicated, the standard of review is whether an abuse of discretion occurred. *Brown v. Batt*, 631 P.2d 1346, 1348 (Okla.App.1981); *see McKinney v. Gannett Co.*, 817 F.2d 659, 670 (10th Cir.1987) ("[A]pplication of equitable doctrines rests in the sound discretion of the district court; absent a showing of abuse of discretion, the district court's

---

3. The fee provision of the Settlement Agreement provides:

If POWER LIFT is required to commence legal action or to reinstate proceedings in order to enforce, or remedy the breach of, any provision of this Agreement, each responsible PLAINTIFF [sic] shall be jointly and severally liable for POWER LIFT's costs and reasonable attorney fees in the event that the POWER LIFT prevails against such PLAINTIFF [sic] as to any claim asserted in such action or proceedings.

4. Because we affirm the district court's determination that Weatherford did not violate the injunction, we need not discuss Power Lift's allegation that Millspaugh, Lohmann, and Apache were aiders and abettors.

exercise thereof will not be disturbed on appeal.").

A license agreement is a contract governed by ordinary principles of state contract law. *See Sun Studs, Inc., v. Applied Theory Assocs.*, 772 F.2d 1557, 1561, 227 USPQ 81, 83–84 (Fed.Cir.1985). The district court correctly determined that the present license contract is governed by Oklahoma law, *see, e.g., Telex Corp. v. Hamilton*, 576 P.2d 767, 768 (Okla.1978), that termination clauses are enforceable under that law, *see Ritter v. Perma–Stone Co.*, 325 P.2d 442, 443 (Okla.1958), and that Oklahoma provides for relief from forfeiture.

### a. Federal Preemption

Power Lift says the Oklahoma statute is preempted because it conflicts with the federal patent statute when it permits reinstatement of a validly terminated patent license agreement, and because it impedes the objectives of Congress when it creates uncertainty regarding a patentee's rights.

The Supreme Court has supplied guidance on preemption of state laws by the federal patent law. A state cannot validly enact a law that conflicts with the patent statute or obstructs its underlying legislative intent. *See Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, —— U.S. ——, ——, 109 S.Ct. 971, 979, 103 L.Ed.2d 118, 9 USPQ2d 1847, 1852 (1989). A state law dealing only with forfeiture of contract rights, however, neither conflicts with nor obstructs the patent statute. *See Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 262, 99 S.Ct. 1096, 1099, 59 L.Ed.2d 296, 201 USPQ 1, 4 (1979) (federal preemption does not preempt state contract law so as to preclude enforcement of contract).[5] That the present contract is a patent license does not mean that state laws providing for equitable enforcement of contracts cannot be applied to it. That enforcement of the present contract nullifies Power Lift's termination is but the normal result of the forfeiture relief provided for in the statute. The federal patent laws include nothing that would preclude re-instatement of a license contract when equitable circumstances so dictate.

The Oklahoma relief from forfeiture statute creates no uncertainty regarding a patentee's patent rights. Indeed, when equity dictates relief under the statute, the patentee's patent rights are nonetheless enforced, the licensee being forced to pay all royalties. If there be "uncertainty" it relates only to a patentee's contract rights, *i.e.*, whether a patentee is equitably entitled under all the circumstances to permanently terminate a license contract. Nothing in the patent statute grants a patentee any right to terminate a license contract on whim and in total disregard of the principles of equity long applicable in the law of contracts.

Power Lift further says that use of money as "full compensation" for the loss of its right to exclude Weatherford constitutes a form of compulsory licensing. Power Lift forgets that it had agreed to accept money as full compensation for its voluntary "loss" of the right to exclude Weatherford, and that all it is "losing" here is the chance to recapture the right to exclude Weatherford under the equitable facts in this particular case. State law is not, therefore, being used here to create a compulsory license, but merely to bind Power Lift, on equitable grounds, to the non-exclusive license contract it freely entered with Weatherford. Whatever may be the effect of preemption in relation to state laws restricting competition, it cannot be employed in this case to nullify the Okla-

5. This court indicated in *Cable Electric Products, Inc. v. Genmark, Inc.*, 770 F.2d 1015, 1033, 226 USPQ 881, 893 (Fed.Cir.1985) that it will apply the law of the applicable regional circuit to a question of preemption of state unfair competition laws. However, different considerations underlie federal preemption of state laws dealing with unfair competition and state laws dealing with contracts. Most importantly, enforcement of a contract does not restrict the actions of non-parties. *See Aronson*, 440 U.S. at 264, 99 S.Ct. at 1100, 201 USPQ at 5. We follow the Supreme Court guidance in *Aronson* which binds all circuits addressing federal preemption of state contract law. *See, e.g., Universal Gym Equip., Inc. v. ERWA Exercise Equip., Ltd.*, 827 F.2d 1542, 1549–50, 4 USPQ2d 1035, 1040 (Fed. Cir.1987).

homa relief from forfeiture statute and thereby preclude the equitable enforcement of Weatherford's rights under the contract.

### b. Application Of The Oklahoma Statute

■ Power Lift has shown no basis for determining that the district court abused its discretion in applying the Oklahoma forfeiture relief statute. Its acceptance of quarterly payments completely undermines its assertion that Weatherford was grossly negligent in operating under the draft agreement. Indeed, none of the district court's findings (presence of compelling equitable circumstances; Weatherford not grossly negligent; payment of royalties and interest constituted full compensation for infringement) was against the clear weight of the evidence. Nor was there a clear error of law or judgment. *Arine v. McAmis,* 603 P.2d 1130, 1132 (Okla.1979). There was, therefore, no abuse of discretion.

### 2. Award of Attorney Fees And Costs

■ Generally under Oklahoma law a court may not award fees unless empowered to do so under a contract or by statute, *Goodman v. Norman Bank of Commerce,* 565 P.2d 372, 373 (Okla.1977), yet fees may be awarded in certain equitable circumstances. *City Nat'l Bank & Trust Co. v. Owens,* 565 P.2d 4, 7 (Okla.1977). Such equitable circumstances exist here, where Weatherford is being relieved of forfeiture and regaining its license. The statute under which Weatherford is obtaining that benefit expressly provides that it is available "upon making full compensation to the other party." It is but an exercise of established equitable principles to require Weatherford to pay the statutory quid-pro-quo.

Weatherford says Power Lift did not prevail on any claim as required by the Settlement Agreement fee provision. The district court's post trial order makes it clear, however, that the basis for the award was not the Settlement Agreement; it was the Oklahoma statute requiring payment of "full compensation" by a party relieved from forfeiture. The district court looked to the Settlement Agreement only to determine the meaning of the term "full compensation". We agree with the district court's notation that the award was consistent with equity case law and cannot, therefore, say that the award of attorney fees and costs to Power Lift under the Oklahoma statute was an abuse of discretion. *See McKinney,* 817 F.2d at 670.

AFFIRMED.