986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William J. OSTERHOUDT and Gary T. Osterhoudt, Plaintiffs,
and
OZ-T Ltd., a Delaware corporation, Plaintiff-Appellant,
v.
MARMON MOTOR COMPANY, a Texas corporation, Defendant-Appellee.
 No. 91-6391.
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1993.
 
 Before LOGAN and JOHN P. MOORE, Circuit Judges, and LUNGSTRUM,* District Judge.
 ORDER AND JUDGMENT**
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant corporation ("plaintiff") appeals from the district court's denial of an award of attorney's fees pursuant to Okla.Stat. tit. 12, § 936. We reverse and remand to the district court for a determination of reasonable attorney's fees.
 
 
 3
 Plaintiff, along with two individuals, commenced a diversity action in the district court seeking rescission of a sales contract. The case was tried to a jury, and the jury returned a verdict in favor of plaintiff for $275,089.00. Thereafter, plaintiff filed a motion for attorney's fees and costs, supported by an affidavit. The request was based on a contingency fee agreement between plaintiff and its attorney. Before the motion was ruled on, defendant filed a notice of appeal. This court affirmed on appeal. Osterhoudt v. Marmon Motor Co., 936 F.2d 583 (10th Cir.1991) (table). Subsequently, plaintiff filed a supplemental motion for attorney's fees and costs, again requesting an award of attorney's fees based on the contingency fee agreement.
 
 
 4
 On September 9, 1991, the district court denied the motion as lacking adequate factual basis for an award. The court determined that "[W.D.Okla.R. 6(E) ] does not contemplate a contingent fee agreement as the basis for calculating attorneys fees sought from a litigation opponent." Appellant's App. at 173.
 
 
 5
 On September 19, 1991, plaintiff filed a motion to reconsider, questioning the authority of the local rule. Along with the motion to reconsider, plaintiff submitted a reconstruction of time spent accompanied by supporting affidavits.
 
 
 6
 The district court denied the motion to reconsider on October 21, 1991. It rejected as untimely and without merit plaintiff's argument that Rule 6(E) was unconstitutional. Because plaintiff's attorney knew that he was required to comply with the local rules, the court concluded that failure to comply with the rules precluded recovery of attorney's fees. Appellant's App. at 174-75. Plaintiff appealed, indicating that it was appealing from the denial of the motion for attorney's fees entered October 21, 1991.
 
 
 7
 As a threshold matter, we must consider whether plaintiff's notice of appeal is only from the denial of the motion to reconsider entered October 21, 1991, or also includes the denial of the motions for attorney's fees. Defendant argues that the appeal is only from the denial of the motion to reconsider. We disagree. When a party files a notice of appeal that is defective because it designates an appeal as from the denial of a post-judgment motion, we treat the appeal as taken from the final order if the appeal is otherwise proper, the intent to appeal from the final order is clear and the opposing party is not misled or prejudiced. See Grubb v. FDIC, 868 F.2d 1151, 1154 n. 4 (10th Cir.1989); see also Jones v. Nelson, 484 F.2d 1165, 1167-68 (10th Cir.1973) (although technical error to say appellant appealing from denial of motion for new trial/rehearing, court looks beyond form of notice of appeal to determine clear intent of appellant). Under the circumstances of this case, plaintiff clearly is not just appealing from the denial of the motion to reconsider. The notice of appeal is properly taken from the denial of the timely motion to reconsider. See Skagerberg v. Oklahoma, 797 F.2d 881, 883 (10th Cir.1986). Additionally, defendants have not shown that they would be misled or prejudiced by an appeal from all orders concerning attorney's fees.
 
 
 8
 Turning to the merits of the appeal, plaintiff first argues that the applicable substantive law requires that it be awarded reasonable attorney's fees. In diversity cases, the right to recover attorney's fees is determined pursuant to state law. Rockwood Ins. Co. v. Clark Equip. Co., 713 F.2d 577, 579 (10th Cir.1983). That is because the attorney's fees determination under state law is substantive. King Resources Co. v. Phoenix Resources Co. (In re King Resources Co.), 651 F.2d 1349, 1353 (10th Cir.), cert. denied, 454 U.S. 881 (1981).
 
 
 9
 In a lawsuit for rescission of a sales contract, Okla.Stat. tit. 12, § 936 applies to determine whether a plaintiff is entitled to an award of attorney's fees. See, e.g., Arine v. McAmis, 603 P.2d 1130, 1131-32 (Okla.1979). Section 936 provides that
 
 
 10
 In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.
 
 
 11
 Okla.Stat. tit. 12, § 936 (emphasis added) (footnote omitted).
 
 
 12
 When a statute provides that the prevailing party "shall" be allowed a reasonable attorney's fee, "shall" connotes a mandatory requirement. Schaeffer v. Shaeffer, 743 P.2d 1038, 1040 (Okla.1987); see also Okla.Stat. tit. 25, § 1 (words used in statute have ordinary meaning except when contrary intent plainly appears). Because section 936 provides that the prevailing party "shall" be awarded attorney's fees, the trial court is left with no discretion and attorney's fees must be awarded. United Founders Life Ins. Co. v. Life Ins. & Pension Headquarters Agency, Inc., 633 P.2d 763, 765 & n. 1 (Okla.Ct.App.), cert. granted in part, 633 P.2d 742 (Okla.1981). The only issue for the court is to determine the amount.
 
 
 13
 The trial court, despite the mandatory nature of an award of attorney's fees to a prevailing party under section 936, must have an evidentiary basis for setting the amount due, and if it lacks evidence as to the value of the attorney's fees a trial court is without authority to crystalize an award.[1] Bradford v. Plains Cotton Co-op. Ass'n, 539 F.2d 1249, 1256 (10th Cir.1976), cert. denied, 429 U.S. 1042 (1977); Sarkeys v. Haas, 402 P.2d 894, 901 (Okla.1965). Initially, plaintiff here sought an award of attorney's fees based on the contingency fee agreement it had with its attorney. Plaintiff argues that, under Oklahoma law, the contingency fee contract may serve as the basis for an award of attorney's fees and that a federal court may not make a rule which disregards that arrangement. Contrary to plaintiff's argument, however, a contingency fee agreement is not an appropriate basis for determining a reasonable attorney's fees award under the law of Oklahoma. See Walls v. Russell, 519 P.2d 936, 938 (Okla.Ct.App.1974) (attorney's fees awarded pursuant to Okla.Stat. tit. 42, § 176), overruled in part on other grounds by Russell v. Flanagan, 544 P.2d 510, 512 (Okla.1975); see also Sarkeys, 402 P.2d at 901 (court construes section 936 based on law applicable to section 176). The presence of the contingency fee arrangement is a matter between the client and the attorney and is not binding on the court in awarding appropriate attorney's fees. Wise v. Johnson Controls, Inc., 784 P.2d 86, 87 (Okla.Ct.App.1989). Thus, adequate proof of the value of the attorney's services for the prevailing party must be shown before a proper award can be made. Hefley v. Jones, 687 F.2d 1383, 1389 (10th Cir.1982).
 
 
 14
 Because plaintiff's initial request for attorney's fees was based solely on the contingency fee agreement and did not even attempt to set forth the value of the attorney's services in compliance with Rule 6(E), the district court did not err in denying that initial request. Without evidence as to the value of the services, the district court simply could not render a judgment on the amount of attorney's fees due. See Sarkeys, 402 P.2d at 901.
 
 
 15
 Subsequently, however, in the motion to reconsider, plaintiff attempted to reconstruct the value of its attorney's services. The district court denied the motion to reconsider, requiring "scrupulous ... adherence" to the requirements of Rule 6(E). Appellant's App. at 175. This court reviews the denial of a motion to reconsider for an abuse of discretion. Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir.1988).
 
 
 16
 Rule 6(E) provides that a prevailing party who seeks to recover attorney's fees must provide in an affidavit the amount of time spent on the case, the hourly fee charged, the hourly fee usually charged by the attorney, and any other pertinent factors. Local rules, such as Rule 6(E), are primarily housekeeping rules whose purpose is to facilitate the operation of the courts. Hernandez v. George, 793 F.2d 264, 266 (10th Cir.1986). Courts, therefore, have discretion in applying local rules. Hancock, 857 F.2d at 1396; see also W.D.Okla.R. 1(D) (judge in his discretion may waive any requirement of local rules).
 
 
 17
 Because the prevailing party, plaintiff, is entitled to an award of attorney's fees pursuant to section 936, as defendant admitted in the district court, we conclude the district court abused its discretion in denying an award of attorney's fees. Although plaintiff and its attorney were mistaken in attempting to obtain an attorney's fee award based on the contingency fee agreement, and in apparently failing to maintain contemporaneous time records in reliance on that agreement, plaintiff acted promptly in filing the motion to reconsider and in having its attorney reconstruct the time expended to compute the value of the services. Reconstructed time records are an acceptable means for showing the value of an attorney's services. Carter v. Sedgwick County, 929 F.2d 1501, 1506 (10th Cir.1991). Moreover, the rule in question, itself, does not expressly exclude that method of ascertaining "the amount of time spent on the case."
 
 
 18
 Accordingly, the district court's denial of an award of attorney's fees after plaintiff submitted reconstructed time records was an abuse of discretion. The forfeiture which would be worked on plaintiff or on its attorney otherwise is entirely out of proportion with the benefit which would be gained by an inflexible requirement of strict compliance. The action must be remanded to the district court for further proceedings to determine a reasonable award of attorney's fees.
 
 
 19
 Plaintiff also argues on appeal that (1) the local rules cannot be used to abridge its right to recover reasonable attorney's fees and (2) Rule 6(E) violates the Equal Protection Clause of the Fourteenth Amendment and the Due Process Clause of the Fifth Amendment. We need not reach these arguments.
 
 
 20
 The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the action is REMANDED for further proceedings.
 
 
 
 *
 Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant conceded in the district court that plaintiff had a right to a reasonable award of attorney's fees. Appellee's App. at 3. Defendant later argued that because plaintiff presented no reasonable hour or time amounts, there was no basis for an award of attorney's fees. Appellee's App. at 15-17