**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES M. AUSTIN, doing business as
MIKE AUSTIN, an individual,

      Plaintiff-Appellant/Cross-Appellee,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.;
STATE FARM LIFE INSURANCE CO.;
STATE FARM FIRE AND CASUALTY
CO.; STATE FARM GENERAL
INSURANCE CO., insurance
corporations,

      Defendants-Appellees/Cross-
Appellants.

Nos. 98-5026, 98-5041
(D.C. No. 96-CV-985-C)
(Northern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, Circuit Judge, **MURPHY**, Circuit Judge, and **McWILLIAMS**, Senior
Circuit Judge.

---

On October 25, 1996, James F. Austin, doing business as Mike Austin ("Austin"),

filed a petition in the District Court in and for Tulsa County, State of Oklahoma, naming

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3

as defendants State Farm Mutual Automobile Insurance Co., an Illinois corporation, and three other related corporations ("State Farm"). In that petition, Austin asserted seven causes of action against State Farm.

The first cause was for breach of contract. In that claim Austin alleged that he and State Farm entered into an agency agreement which provided, *inter alia,* that State Farm would not assert, or seek to assert, control over Austin's daily activities, and that as an independent contractor Austin would have full control of his daily activities. The agreement further provided that no change or modification of the terms thereof could be made except by agreement in writing and signed by an authorized agent of State Farm and accepted by Austin. In that same first cause of action, Austin went on to allege that State Farm had breached the foregoing provisions of their agreement by requiring Austin to "personally" reinspect, or otherwise dictating the mode and manner of reinspection, of all "structures," including automobiles, which were insured by State Farm through Austin's agency. Austin sought damages, in an unspecified amount, for State Farm's breach of its promise not to regulate his "daily activities."

In a second cause of action, Austin claimed a wrongful termination of his agreement with State Farm to act as its agent. The third cause of action was for breach of the duty of good faith and fair dealing. The fourth cause was for breach of fiduciary duty. The fifth was based on constructive fraud and the sixth for prima facie tort. In his seventh and last cause of action, Austin requested immediate injunctive relief. Austin

then asked for judgment against State Farm in an amount in excess of $100,000.00 and exemplary damages in an amount in excess of $10,000.00, plus injunctive relief.

The action was apparently thereafter removed from state court to federal court, although there is no removal order in the record before us. 29 U.S.C. § 1332 (1993). In any event, State Farm filed its answer in the United States District Court for the Northern District of Oklahoma. By its answer, State Farm either admitted or denied all of the 50 paragraphs of allegations in Austin's petition, and also asserted five affirmative defenses.

After extensive discovery by both parties, State Farm filed a 25-page motion for summary judgment, to which Austin filed a 63-page response, and attached to the response were hundreds of pages of depositional excerpts and other exhibits. State Farm thereafter filed a reply in support of its motion for summary judgment.

It was on this general state of the record that the district court granted State Farm's motion for summary judgment and entered judgment for State Farm and against Austin on all of his claims. Subsequent thereto, State Farm filed a motion for an award of attorney's fees in the amount of $148,842.50. Austin filed a brief in opposition to State Farm's motion for attorney's fees. The district court denied State Farm's motion for attorney's fees, whereupon Austin appealed the order of the district court granting State Farm summary judgment (No. 98-5026) and State Farm cross-appealed the district court's denial of its motion for attorney's fees (No. 98-5041). We now affirm both judgments.

In its order granting State Farm's motion for summary judgment, the district court

noted, at the outset, that the agency agreement signed by Austin and State Farm provided that "You or State Farm have the right to terminate this agreement by written notice delivered to the other or mailed to the other's last known address." The district court went on to note that although Austin, under the agreement, was an "independent contractor" and as such, in full control of his daily activities, State Farm in the same agreement retained "the right to prescribe all policy forms and provisions, premiums, fees and charges for insurance; and rules governing the binding, acceptance, renewal, rejection or cancellation of risks, and adjustment and payment of losses." The court then recognized that a dispute arose between Austin and State Farm when the latter proposed to change company policy regarding issuance or reissuance of automobile insurance, but nonetheless concluded that under the agreement State Farm had reserved the right to prescribe company rules regarding issuance of policies. The district court then held that under the circumstances Austin's termination was not in violation of the agreement and that Austin had failed to make a sufficient showing that his termination was in bad faith.

In denying State Farm's motion for attorney's fees, the district court rejected State Farm's contention that it was entitled to attorney's fees under Okla. Stat. tit. 12, § 936 (1988), concluding that Austin in his petition was not making claims, as such, for "labor or services." In thus concluding, the district court cited *Russell v. Flanagan,* 544 P.2d 510 (Okla. 1975).

We agree with the district court's disposition of each of the two matters, and

therefore affirm.

On appeal, counsel states that all of Austin's claims are based, in essence, on State Farm's course of conduct that resulted in termination without just cause and that the evidentiary matter before the district court on motion for summary judgment was such that "a fair minded jury" could have returned a verdict in his favor on all, or at least some, of his claims and that summary judgment was therefore improper. We disagree. Under the agency agreement between the parties, State Farm, as the principal, reserved the right to establish company policy. It is undisputed that when Austin resisted a proposed change in company policy, a genuine dispute arose and culminated in his termination, as provided for in the agreement. (As we understand it, Austin did receive, and accepted, certain termination benefits.) Counsel's suggestion that State Farm's course of conduct was not in good faith, and violative of its fiduciary duty, is just that, a suggestion, and does not find any real support in the record. Without belaboring the matter, we hold that the district court's grant of summary judgment in favor of State Farm was proper, given the record then before the court. In so doing, we reject counsel's suggestion that *Doyle v. Kelly,* 801 P.2d 717 (Okla. 1990) and *Hall v. Farmers Insurance Exchange,* 713 P.2d 1027 (Okla. 1985) dictate a reversal in the present case.

Subsequent to summary judgment, State Farm filed a motion for an award of attorney's fees in the amount of $148,842.50. In so doing, State Farm relied on Okla. Stat. tit. 12, § 936 (1988), which provides as follows:

> In any civil action to recover . . . for labor or services, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

State Farm argues that Austin's petition filed in a state court of Oklahoma was one for "labor or services," and that since it prevailed it was entitled to attorney's fees. The district court, citing *Russell v. Flanagan, supra,* held that Austin's petition was not one for "labor or services," and that, accordingly, Section 936 was inapplicable. We are not inclined to disturb the district court's understanding of Oklahoma law. In *Russell,* the Oklahoma Supreme Court denied attorney's fees in a case where the plaintiff brought an action for breach of warranty. In so doing, that court stated that "[w]hile this may be an action collaterally concerning labor or services, it is not a civil action for labor or services within the meaning of the statute, and § 936 is, therefore, inapplicable." *Id.* at 512. In this regard, we do not find the phrase "labor or services" mentioned anywhere in Austin's petition. The core of Austin's petition is his claim for an alleged breach of the agency agreement and his wrongful termination as an agent for State Farm.

Judgment affirmed.

ENTERED FOR THE COURT


Robert H. McWilliams
Senior Circuit Judge