**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William F. QUARRY,**
**Defendant-Appellant.**

**No. 78–1866.**

United States Court of Appeals,
Tenth Circuit.

Argued Oct. 16, 1979.

Decided Jan. 18, 1980.

Steven W. Snarr, Asst. U. S. Atty., Salt Lake City, Utah (Ronald L. Rencher, U. S. Atty., Salt Lake City, Utah, on brief), for plaintiff-appellee.

Phil L. Hansen, Salt Lake City, Utah (Hansen & Hansen; and Bryan L. McDougal of McDougal, Haley & Dahl, Salt Lake City, Utah, on brief), for defendant-appellant.

Before McWILLIAMS, BARRETT and McKAY, Circuit Judges.

McWILLIAMS, Circuit Judge.

William Francis Quarry and six others were charged with conducting an illegal gambling business in violation of 18 U.S.C. § 1955. At the conclusion of the presentation of evidence, the trial court granted the motions of two defendants for judgments of acquittal. The case against the remaining five defendants was submitted to the jury. The jury acquitted one defendant and convicted the remaining four, including Quarry. The four defendants who had thus been convicted then renewed their respective motions for judgment of acquittal. The trial court granted these renewed motions on the ground that since only four defendants had been convicted, the five or more requirement of 18 U.S.C. § 1955 had not been met.

The Government appealed the judgments of acquittal entered in favor of the four defendants who had been convicted by the jury. On appeal, we reversed. *United States v. Quarry,* 576 F.2d 830 (10th Cir. 1978). In reversing, this Court held that the "five or more" requirement had been

met, and the fact that only four of the five defendants had been convicted by the jury did not negate such. The Congressional intent behind 18 U.S.C. § 1955 was to include *all* participants in the gambling business, "regardless of their status as defendants or not." 576 F.2d at 833. Accordingly, in *Quarry* we set aside the judgments of acquittal, and remanded with directions to reinstate the verdict of guilty as to each of the four appellees.

After remand, judgments of guilty were entered as to each of the four defendants who had been previously convicted by the jury. Quarry was sentenced to two years imprisonment, and he now appeals the sentence.

In this appeal the only point urged as ground for reversal is the alleged failure of the trial court to fully instruct the jury as to the applicable law of the State of Utah on gambling. We cannot find in the record now before this Court the instructions given the jury. It is the appellant's duty to make certain that the record on appeal is sufficient to enable this Court to make a meaningful review of any matter urged as ground for reversal. Inasmuch as the record before us does not contain the instructions given the jury and the only matter urged as ground for reversal relates to the adequacy of the instructions, we would be fully justified in affirming without further comment. However, in order to forestall further proceedings we elect to dispose of this appeal on its merits, since counsel in their respective briefs are in apparent accord as to just what instructions were given the jury pertaining to the gambling laws of the State of Utah.

One essential element of 18 U.S.C. § 1955 is that the gambling business conducted by the defendants be in violation of the law of the state in which it is conducted. It is agreed that the trial court did instruct the jury that "you have to find a violation of the law of a state to start with." It is also agreed that the trial court did instruct the jury that "gambling is an offense under the laws of Utah." Quarry's complaint is that the trial court did not go further and define the word "gambling" as that word is defined by Utah statute. We do not agree

that the failure to set out in the jury instructions the Utah gambling statutes *in haec verba*, or to paraphrase them, necessarily warrants reversal.

Although it does not appear in the present record, it is agreed that Quarry's counsel made no objection to the instructions given the jury, nor did he tender any instructions defining the word "gambling," be it in the words of the Utah statutes, or otherwise. In such circumstance counsel necessarily relies on the plain error rule. We find no such plain error.

We agree that failure by a trial court to instruct a jury as to the essential elements of the crime charged generally amounts to plain error. *Screws v. United States*, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1946). However, here it is agreed that the jury was instructed that in order to convict the defendants of a violation of 18 U.S.C. § 1955, the jury must first find that their activities violated laws of the State of Utah. Hence, *Screws* is not controlling.

A case quite similar to the instant one is *United States v. Crockett*, 506 F.2d 759 (5th Cir.), *cert. denied*, 423 U.S. 824, 96 S.Ct. 37, 46 L.Ed.2d 40 (1975). *Crockett* involved a criminal prosecution under 18 U.S.C. § 1955. The trial judge there instructed the jury that a commercial gambling establishment was in violation of Georgia law. The trial judge, however, did not read the Georgia statute on gambling to the jury, nor did he paraphrase it. Defense counsel did not offer any instruction setting forth the statutory definition of gambling. Nevertheless, on appeal defense counsel argued that the failure to give such an instruction constituted plain error. In rejecting this argument, the Fifth Circuit held that the failure to define words of "common understanding, such as 'commercial gambling,' 'keeping a gambling place,' and 'gambling,' did not even constitute 'reversible error,' let alone 'plain error.'"

The rationale of *Crockett* is persuasive, and we hold that the failure of the trial court in the instant case to give the jury the statutory definition of gambling does not under the circumstances constitute plain error. The trial court, as indicated, did advise

the jury that gambling is illegal under the law of Utah. It is agreed that such is a correct statement. The jury was also advised that one essential element in 18 U.S.C. § 1955 is that the defendant's actions must constitute a violation of Utah law. It was then up to the jury to determine whether Quarry, and the others, had violated Utah law. We fail to see that the trial judge usurped any function of the jury.

The instructions in any case must be viewed in factual context. As indicated, we do not have any transcript of testimony. However, we are advised, and it apparently is not in dispute, that Quarry headed up a large-scale gambling operation involving the placing of bets on football games through the use of "PQ" football betting cards and grossed over $4,000 per week. Even defense counsel does not suggest that Quarry's actions did not in fact violate Utah law.

Under all of these circumstances, any possible error by the trial court is only technical and harmless error, not plain error, and could not have affected the outcome of the trial.

Judgment affirmed.