**Wilbur HILST, M.D.,**
**Plaintiff–Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary of United States Department of Health and Human Services, Health Care Financing Administration, Defendant–Appellee.**

No. 87–2755.

United States Court of Appeals,
Tenth Circuit.

May 4, 1989.

Stephen G. Mirakian and Keith E. Drill of Koenigsdorf, Wyrsch & Ramsey, Kansas City, Mo., and William Stewart, Topeka, Kan., for plaintiff-appellant.

Benjamin L. Burgess, Jr., U.S. Atty., and Alleen S. Castellani, Asst. U.S. Atty., Topeka, Kan., for defendant-appellee.

Before SEYMOUR, BARRETT and BALDOCK, Circuit Judges.

PER CURIAM.

Wilbur Hilst, a physician, commenced this action pursuant to 28 U.S.C. § 1331 (1982) and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging that his constitutional right to due process was violated by the manner in which he was suspended from participation in the Medicare reimbursement program. He requested actual damages of over $10,000 from Defendant Otis R. Bowen, Secretary of the Department of Health and Human Services. The district court granted defendant's motion to dismiss for

lack of subject matter jurisdiction. We affirm.[1]

## I

■ Defendant initially raises the issue of our jurisdiction over this appeal. The district court granted defendant's motion to dismiss by its Memorandum and Order filed August 4, 1987. On August 18, Hilst filed a motion for reconsideration. On August 24, the court entered a separate judgment dismissing the action in accordance with Rule 58 of the Federal Rules of Civil Procedure. On September 23, the court found Hilst's motion for reconsideration timely under Fed.R.Civ.P. 59(e), and denied it. On November 23, Hilst filed his notice of appeal. Defendant questions whether a motion to reconsider filed before the entry of judgment is timely and thereby sufficient to toll the time for filing the notice of appeal.

The district court correctly construed Hilst's motion for reconsideration as one pursuant to Rule 59(e). *See Autorama Corp. v. Stewart,* 802 F.2d 1284, 1286 (10th Cir.1986). Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that if a *timely* Rule 59(e) motion is made, the time for appeal begins to run from the entry of the order disposing of the motion. In this case Hilst's notice of appeal was timely only if his Rule 59(e) motion was timely, thereby tolling the time for appeal pursuant to Fed.R.App.P. 4(a)(4).

Although Rule 59 motions are to be served not later than ten days after entry of judgment, courts and commentators generally agree that this ten-day limit sets only a maximum period and does not preclude a party from making a Rule 59 motion before a formal judgment has been entered. *See, e.g., Greater Houston Chapter of the ACLU v. Eckels,* 755 F.2d 426,

427–28 (5th Cir.1985) (motion for new trial); *Contempo Metal Furniture Co. v. East Texas Motor Freight Lines, Inc.,* 661 F.2d 761, 764 n. 1 (9th Cir.1981) (motion for new trial); *Jetero Const. Co. v. South Memphis Lumber Co.,* 531 F.2d 1348, 1351 (6th Cir. 1976) (motion to alter or amend judgment); 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2812 at 81–82 (1973) (motion for new trial); 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 204.12[4] at 4–95 (2d ed. 1989) (Rule 59 motion "made after the court has indicated the action that it will take, but before the judgment embodying that action has been formally entered, is timely"); *see also Calculators Hawaii, Inc. v. Brandt, Inc.,* 724 F.2d 1332, 1335 (9th Cir.1983) (Rule 52(b) motion to amend). This circuit expressed a similar view in a case in which a motion for reconsideration of an interlocutory order on lien priorities was pending when the district court entered a final judgment of foreclosure. *See Director of Revenue v. United States,* 392 F.2d 307, 308–10 (10th Cir. 1968). The notice of appeal in that case was not timely filed from the date of the final judgment, but was timely filed from the subsequent denial of the motion for reconsideration. We upheld jurisdiction over the appeal.

We conclude that Hilst's Rule 59(e) motion was timely even though it was made before the separate judgment was entered.[2] Accordingly, his notice of appeal was also timely as measured from the disposition of that motion.

## II

■ Hilst submitted claims for reimbursement from Medicare in conjunction with his medical practice. He was suspended for a period of one year by Blue

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

**2.** The case of *Stephenson v. Calpine Conifers II, Ltd.,* 652 F.2d 808 (9th Cir.1981), cited by defen-

dant, is factually distinguishable. There the district court denied motions to reconsider grants of partial summary judgments without ever ordering entry of judgment in favor of the parties obtaining partial relief. That case raised peculiar issues of finality under Fed.R.Civ.P. 54(b) and 28 U.S.C. § 1291, which are not present here.

Cross/Blue Shield of Kansas, the state provider, based on a finding that he had made false statements on claims and had billed for services he was not entitled to perform. Following that determination, Hilst sought and received an evidentiary hearing before an Administrative Law Judge (ALJ). The ALJ found that Hilst had not submitted false statements and that the decision to exclude him from participation in the Medicare program for one year was unreasonable, improper, and unsupported by substantial evidence.

The agency appealed the ALJ's decision. The Appeals Council affirmed over a year later, during which time Hilst's suspension continued. Because he was not reinstated in the Medicare program pending appeal, Hilst filed a petition in the district court for review and enforcement of the ALJ's order. *Hilst v. Heckler*, No. 83–4389 (D.Kan.). The court preliminarily enjoined defendant from taking action contrary to the ALJ's decision pending the outcome of the appeal. Concluding that it had jurisdiction over Hilst's attack on the constitutionality of the pending administrative actions, the court subsequently held that "plaintiff's due process rights were violated by the failure to reinstate plaintiff into the program following the ALJ decision pending appeal to the Appeals Council." Rec., supp. vol. I, at 9.

Hilst thereafter subsequently commenced this action alleging that he was entitled to damages based on the prior judicial determination that his constitutional right to due process had been violated. He alleged that the violation occurred because both the regulations themselves and the acts of defendant's employees denied him due process. Defendant moved to dismiss on the grounds that if the suit was against him in his official capacity it was barred by the doctrine of sovereign immunity, and if it was against him in his individual capacity it was barred because the doctrine of respondeat superior is inapplicable to *Bivens* actions and there was no allegation that he was personally involved in the commission of any constitutional violation. The district

court granted defendant's motion.[3] We affirm, although on a basis different from that relied on below.

After the district court issued its opinion, the Supreme Court decided *Schweiker v. Chilicky*, —— U.S. ——, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). As a general rule, an appellate court must apply the law in effect at the time it reaches its decision. *See Thorpe v. Housing Authority*, 393 U.S. 268, 281, 89 S.Ct. 518, 526, 21 L.Ed.2d 474 (1969); *Boise City Farmers Co-op. v. Palmer*, 780 F.2d 860, 866 (10th Cir.1985) (citing *Bradley v. Richmond School Board*, 416 U.S. 696, 714, 94 S.Ct. 2006, 2017, 40 L.Ed.2d 476 (1974)). In *Chilicky*, the plaintiffs were individuals whose social security disability benefits had been terminated but were later restored. They sued the Secretary of Health and Human Services and the Commissioner of the Social Security Administration for damages, alleging they had violated the plaintiff's due process rights by adopting illegal policies and procedures that led to the termination of benefits. Relying on *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), the Court held that when Congress has provided "meaningful safeguards or remedies for the rights of persons," 108 S.Ct. at 2468, a *Bivens* action for alleged due process violations is not available against government officials who administer the program even though the statutory relief may not wholly compensate a plaintiff for damages suffered, *see id.* at 2468–71. *See also Hooker v. United States Dep't of Health & Human Serv.*, 858 F.2d 525, 530 (9th Cir.1988) (applying *Chilicky*); *but see Ysasi v. Rivkind*, 856 F.2d 1520, 1527–28 (Fed Cir.1988) (*Bivens* remedy available despite *Chilicky* when utilization of statutory relief was "frustrated" by defendant).

In this case, a comprehensive remedy is provided to physicians when their right to participate in the Medicare program is suspended. *See* 42 U.S.C.A. § 1320a–7 (West Supp.1988); 42 C.F.R. § 1001.1 *et seq.* As in *Chilicky*, this remedy includes an elabo-

---

**3.** The district court held that Hilst's cause of action was against defendant in his individual capacity. Hilst does not argue to the contrary on appeal.

rate administrative hearing, and administrative and judicial review. Although this remedial framework does not provide Hilst with consequential damages arising from defendant's unconstitutional conduct, the Court in *Chilicky* clearly indicated that this lack does not entitle a plaintiff to maintain a *Bivens* action so long as the remedy, although incomplete, is adequate and the safeguards are meaningful. *See* 108 S.Ct. at 2468. We believe that the reasoning of *Chilicky* is applicable here and precludes Hilst from pursuing a *Bivens* action.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.