Marvin A. DOYLE, Appellee,

v.

Edward L. KELLY and Anmac
Corporation, Defendants,

Academy Life Insurance Company, a
foreign insurance corporation,
Appellant.

No. 69063.

Supreme Court of Oklahoma.

Nov. 13, 1990.

Taylor C. Stein, Lawton, for appellee.

W.D. Greenwood, Huckaby, Fleming, Frailey, Chaffin & Darrah, Oklahoma City, for appellant.

ALMA WILSON, Justice:

■ This action was brought by the appellee, Marvin A. Doyle, against Academy Life Insurance Company, the appellant, and against Edward L. Kelly and ANMAC Corporation, defendants. Mr. Doyle was both an agent and general agent for Academy. As general agent he was responsible for recruiting, supervising and training other agents. He brought this suit and by trial the issues had been narrowed to breach of contract, wrongful termination of contract, and wrongful interference with employment. The jury returned a general verdict for the plaintiff and against the defendants awarding actual damages of $31,040.86.

According to a special verdict, the award did not include any damages for tortious interference with contract by the defendants Kelly or ANMAC. The special verdict was not appealed and therefore Kelly and ANMAC are not a part of this appeal. The Court of Appeals reversed and remanded.[1] We previously granted certiorari.

■ The appellant argues that the jury verdict is unsupported by the evidence. The parties agree that the law which is applicable to this case is found in *Hall v. Farmers Ins. Exch.*, 713 P.2d 1027 (Okla. 1985). *Hall*, which also involved an agency contract, is factually similar to the case at bar.

*Hall* established the rule in this state that "a principal may not unfairly deprive his agent of the fruits of that agent's own labor by a wrongful, unwarranted resort to a clause in the agency contract which provides for termination at will." *Hall*, 713 P.2d at 1031. The case held that Farmers had wrongfully invoked its right to terminate Hall's agency and did so for the unconscionable purpose of depriving Hall of the future payments of renewal premiums as a penalty for his having voiced his objections to controversial company actions. *Hall*, 713 P.2d at 1031. This Court reasoned that Farmers had breached the implied covenant of good faith which exists in all contracts. The measure of the damages for the breach of contract was "the predictable, quantifiable amount of future income which [Hall] was entitled to receive as renewal premiums on insurance policies he had sold as a Farmers agent, both before and after he received notice of the wrongful termination." *Hall*, 713 P.2d at 1031.

■ Where an appellant claims that the evidence presented at trial does not support

---

1. The Court of Appeals reversed the judgment of the trial court based upon the grounds that the jury was improperly instructed. The appellant conceded in its response to the petition for certiorari that it did not raise this issue at trial or on appeal. The appellant could not have objected as the record reveals that it offered the very instruction which was accepted and given by the trial court and which the Court of Appeals found to be error. Accordingly, the Court of Appeals lacked jurisdiction to reverse and remand for new trial on the basis of error in the court's instructions. *Barks v. Young*, 564 P.2d 228 (Okla.1977). Additionally, the Court of Appeals impermissibly reweighed conflicting evidence contrary to *Walker v. St. Louis–San Francisco Ry. Co.*, 646 P.2d 593, 597 (Okla.1982).

the verdict, this Court has a long-standing rule:

> [W]here there is any competent evidence or reasonable inference from circumstances reasonably tending to establish a cause of action or to sustain the jury's verdict and judgment based thereon, such judgment will be sustained on appeal unless shown to be contrary to law.

*Silk v. Phillips Petroleum Co.*, 760 P.2d 174, 176 (Okla.1988). The issue is whether there is any competent evidence or reasonable inference from the facts in the case at bar which tends to sustain the jury verdict and judgment in this cause. The *Hall* case established the rule that every contract carries an implicit and mutual covenant by the parties to act toward each other in good faith. *Hall*, 713 P.2d at 1029. The appellee presented substantial evidence that Academy had not acted in good faith. The parties had contracted for Doyle to be an independent agent, who according to the contract was not an employee and was to be free to exercise his own judgment as to the time and manner of managing the agents within his agency. The contract explicitly states that the general agent's freedom of business will not be subject to interference:

> RELATIONSHIP. The General Agent shall be free to exercise his own judgment as to the time and manner of performing the services authorized by this Agreement subject to such rules and regulations as may be adopted from time to time respecting the conduct of business but not interfering with the freedom of business and not interfering with the freedom of action of the General Agent. At all times the General Agent shall be deemed an independent contractor, and nothing contained herein shall be construed as creating the relationship of employer and employee between the Company and the General Agent.

Plaintiff's exhibit # 2.

Despite the explicit wording in the contract, the plaintiff, Doyle, presented evidence that from the time Kelly and ANMAC became involved as managing general agent they interfered with his method of doing business. This interference occurred even though Doyle's agency was producing better than any of the other agencies under Kelly's managing general agency.

There is evidence to show that Doyle was doing a good job for Academy prior to the change in managing general agents, and was doing a top job as general agent for Academy except for his objections to interference by Kelly and ANMAC contrary to the contract he had with Academy. Doyle presented evidence that Kelly and ANMAC had done nothing beneficial for his agency as far as providing any innovative marketing and managing techniques as Doyle had been promised, that Kelly's visits to Doyle's Lawton agency had merely interrupted the agency with classes which were redundant to those offered by Doyle, and that Kelly was attempting to run Doyle's business for him. The record clearly shows that Doyle considered Kelly and ANMAC to be intruders who intended and succeeded in taking over his agency as evidenced by the fact that the next general agent who took over Doyle's agency came from Colorado Springs, where ANMAC's offices were located, and had worked for ANMAC.

The jury chose to believe the evidence presented by the plaintiff, Doyle, and inferred from that evidence that Academy, through the actions of their agents had breached its agreement with Doyle. "A court may not substitute its judgment for that of the jury in the exercise of its function as a fact finding body." *Dodson v. Henderson Properties, Inc.*, 708 P.2d 1064, 1068 (Okla.1985). Because there is competent evidence to support their verdict and the judgment, this Court will not disturb the judgment.

As a second issue, the appellant urges that the trial court erred in admitting Plaintiff's Exhibit 5A into evidence over the appellant's objection. An examination of that exhibit reveals that it is a chart which lists in columns the premiums which Academy had collected for the applicable months of which Doyle was the general agent. The next column sets out the commission which he claimed he was owed, the

commission he received, and the difference. At the bottom of the columns are the totals for the individual months. After certain evidence was presented Doyle took the stand to revise those figures to make them lower and to be consistent with the evidence and the law of the case. The appellant's attorney cross-examined Doyle on this chart. The trial court admitted it into evidence over the objection of the appellant. The court ruled that the exhibit set out in a graphic way the plaintiff's theory of the case and ordered that the incorrect figures on the chart be struck.

Plaintiff's Exhibit 5A is a summary exhibit designed to assist the jury in understanding his claim for damages. The jury awarded the plaintiff the $29,240.86 for renewal commissions reflected on the chart as owed to Doyle and further awarded $1,800.00 as earned bonus commissions resulting in the total verdict by the jury for $31,040.86. Title 12 O.S.1981, § 2104(A) provides that error may not be predicated upon a ruling which admits evidence unless a substantial right of a party is affected. The argument of the appellant in its trial brief is misleading in stating that the chart was based upon speculation; that there was no basis for figures reflected on the exhibit and that the trial court described his ruling admitting the exhibit as "unusual." A review of the testimony prior to admission of the exhibit reveals that the chart was corrected to conform to the evidence presented and the court stated that the chart reflected the plaintiff's theory of the case. Additionally, there is no evidence in the record that the jury was confused by the chart. The appellant's brief concentrates merely on self-serving portions of the testimony and ignores explanations offered by the plaintiff which the jury obviously viewed as credible.

A review of the testimony surrounding the admission of the exhibit clearly reveals that the chart was not based upon speculation, and that the plaintiff made every effort to present correct figures. The exhibit was admitted only after the trial court ordered that the figures not supported by the evidence or the law be struck. Because of extensive testimony and cross-examination on the exhibit and finding no reason to conclude that a substantial right of the appellant was affected by the admission of the exhibit, we find no error in its admission.

 Finally, the appellant argues that the trial court erred in granting the appellee's motion for attorney fees and costs stating that there is no statutory provision for attorney fees in a wrongful termination case. The contention in this case which led to a lawsuit was over the interpretation of contracts alleged by the plaintiff, Doyle, to be contracts for compensation based upon commission sales and not contracts for employment. Doyle prevailed in this lawsuit. The law provides that in a civil action to recover on a contract for labor or services the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs. 12 O.S.1981, § 936, *Hicks v. Lloyd's General Ins. Agency,* 763 P.2d 85, 86 (Okla.1988). The subject of this lawsuit was the wrongful termination of the appellee under two agency contracts and those contracts included both labor and services.[2] Accordingly, the appellee is entitled to attorney fees under the statute.

The opinion of the Court of Appeals is VACATED. The judgment of the trial court is AFFIRMED.

HARGRAVE, C.J., and HODGES, DOOLIN, KAUGER and SUMMERS, JJ., concur.

---

2. *See also Fulton v. L & N Consultants, Inc.,* 715 F.2d 1413 (10th Cir.1982) where a real estate broker prevailed in a lawsuit to recover brokerage fees on sale of property and the Tenth Circuit held that the broker was entitled to attorney fees pursuant to 12 O.S.1981, § 936 for recovery of the brokerage fees as those fees constituted "services" under the statute. The case of *Russell v. Flanagan,* 544 P.2d 510 (Okla. 1975), has no application to the case at bar because in *Russell* this Court held that the prevailing defendant was not entitled to recover attorney fees based upon § 936 where the plaintiff had sued alleging that defendant had failed to properly perform his duties under a contract for service of plaintiff's sewer line, and for which defendant had been paid.

OPALA, Vice Chief Justice, with whom LAVENDER and SIMMS, JJ., join concurring in part; dissenting in part:

I concur in affirming the trial court's judgment; I dissent from the notion that 12 O.S.1981 § 936 applies to this breach-of-contract action.