936 F.2d 583
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Roy L. JACKSON, Plaintiff-Appellant,
v.
INTEGRA, INC., doing business as Residence Inn, Marriott,
Inc., Defendants-Appellees.
Roy L. JACKSON, Plaintiff-Appellee,
v.
INTEGRA, INC., doing business as Residence Inn, Marriott,
Inc., Defendants-Appellants.
 Nos. 90-5097, 91-5029.
 United States Court of Appeals, Tenth Circuit.
 June 28, 1991.
 
 Before TACHA, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 These two appeals arise from the same district court proceeding. In appeal No. 90-5097, plaintiff challenges the district court's dismissal, under Fed.R.Civ.P. 12(b)(6), of his action seeking damages for breach of contract, wrongful discharge, and several related torts. In appeal No. 91-5029, defendants seek review of the district court's subsequent denial of their application for attorney fees.
 
 Appeal No. 90-5097
 
 3
 Plaintiff's appeal must be dismissed for lack of appellate jurisdiction. On March 30, 1990, the district court entered an order granting defendants' motions to dismiss and directing counsel to prepare an appropriate form of judgment for filing. Within ten days of the district court's order, plaintiff submitted a "Motion to Vacate Order and Judgment," in which he argued that the court had erred in several substantive respects. On April 23, 1990, the district court signed and entered the judgment prepared by defendants in accordance with the court's earlier direction, and a few days later plaintiff appealed. The motion to vacate was not denied until August 23, 1990, however, and plaintiff did not file a notice of appeal following that ruling.
 
 
 4
 Despite its nominal designation, plaintiff's motion to vacate was clearly a motion to alter or amend judgment under Fed.R.Civ.P. 59(e). See Skagerberg v. Oklahoma, 797 F.2d 881, 883 (10th Cir.1986) ("regardless of how it is characterized, a post-judgment motion made within ten days of the entry of judgment that questions the correctness of a judgment is properly construed as a motion ... under Fed.R.Civ.P. 59(e)"); see also Martinez v. Sullivan, 874 F.2d 751, 753 (10th Cir.1989). The fact that the motion was filed after the district court indicated the action it would take but before formal entry of a judgment embodying that action does not alter its status under Rule 59(e). See Hilst v. Bowen, 874 F.2d 725, 726 (10th Cir.1989).
 
 
 5
 Any motion deemed to have been made pursuant to Rule 59(e) triggers the tolling provision of Fed.R.App.P. 4(a)(4). Martinez, 874 F.2d at 753. Thus, the time for appeal in this case did not commence until August 23, 1990, when the motion to vacate was denied. See, e.g., Hilst, 874 F.2d at 726. Accordingly, plaintiff's notice of appeal filed in the interim is a nullity, and his failure to file a separate notice following disposition of the motion to vacate leaves this court with no jurisdiction and no choice but to dismiss the appeal. See Martinez, 874 F.2d at 753-54.
 
 Appeal No. 91-5029
 
 6
 Defendants claim they are entitled to attorney fees as prevailing parties under Okla.Stat. tit. 12, Sec. 936, which states:
 
 
 7
 In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject [of] the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.
 
 
 8
 Specifically, defendants contend that this case, brought primarily to redress an alleged wrongful discharge in breach of plaintiff's employment contract, constitutes an action to recover on a contract for labor or services and, therefore, falls within the scope of section 936. The district court rejected this contention, holding that section 936 generally does not apply to wrongful termination suits. We agree.
 
 
 9
 The courts of Oklahoma have held for some time that section 936 applies only to actions for unpaid labor or services rendered, not to suits for damages otherwise arising from breach of a contract relating to labor or services. See Russell v. Flanagan, 544 P.2d 510, 512 (Okla.1975); see also ABC Coating Co. v. J. Harris & Sons Ltd., 747 P.2d 271, 273 (Okla.1987) (reaffirming principle established in Russell ). Compare Ferrell Constr. Co. v. Russell Creek Coal Co., 645 P.2d 1005, 1011 (Okla.1982) (section 936 inapplicable to claim for profits lost when defendant breached contract for plaintiff's services and thereby precluded plaintiff from performing) with Hamilton v. Telex Corp., 576 P.2d 769, 770 (Okla.1978) (section 936 applicable to claim seeking compensation for plaintiff's services rendered). Indeed, we recently recognized and applied this principle in an action alleging wrongful termination in violation of the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-34, where we held that such a claim seeks "damages for the alleged breach of a labor contract and not for the value of services rendered," and, therefore, does not come within the terms of section 936. Merrick v. Northern Natural Gas Co., 911 F.2d 426, 434 (10th Cir.1990). These authorities control our analysis of section 936 and confirm the correctness of the district court's denial of defendants' application for attorney fees thereunder.
 
 
 10
 Defendants' argument for the existence of a contrary line of Oklahoma case law establishing the applicability of section 936 to the wrongful termination context is unpersuasive. Two of the three cases they cite in this regard are, for evident procedural reasons, restricted in analysis to the specific question of who was the "prevailing party," and do not address the issue with which we are concerned. See Hicks v. Lloyd's General Ins. Agency, Inc., 763 P.2d 85, 85-87 (Okla.1988) (certiorari granted and proceeding resolved solely on question whether successful plaintiff's failure to recover in excess of pretrial offer of judgment shifted prevailing party status to defendant); Quapaw Co. v. Varnell, 566 P.2d 164, 167 (Okla.App.1977) (parties agreed on application of section 936 and disputed only who could be considered a prevailing party where defendant succeeded on interlocutory appeal in having two of four causes of action dismissed and plaintiff subsequently recovered on remaining two claims). The third case, Doyle v. Kelly, 801 P.2d 717 (Okla.1990), is the most recent Oklahoma Supreme Court pronouncement on the scope of section 936, and it does permit an award of attorney fees for successful pursuit of a breach of employment contract claim. However, a careful reading of the opinion reveals that the damages recovered by the insurance agent plaintiff were (1) premium-renewal commissions owed to the plaintiff based on policies he had sold and (2) earned bonus commissions, id. at 720, both of which clearly involve compensation for services rendered. Doyle is thus entirely consistent with the general principles established in Russell and followed in the line of cases extending through this court's decision in Merrick, to which we adhere.
 
 
 11
 Accordingly, plaintiff's appeal (No. 90-5097) is DISMISSED, the district court's order denying defendants' application for attorney fees (appeal No. 91-5029) is AFFIRMED, and all pending motions are DENIED as moot.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3