**Charles W. TILLERY, Jr., Appellant,**

v.

**OKLAHOMA FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee.**

No. 77357.

Court of Appeals of Oklahoma, Division No. 1.

June 23, 1992.

Rehearing Denied Aug. 11, 1992.

Certiorari Denied Jan. 26, 1993.

Tom R. Stephenson, Stephenson & Webber, Watonga, for appellant.

Reggie N. Whitten, Kathryn D. Mills, Mills, Whitten, Mills, Mills & Hinkle, Oklahoma City, for appellee.

MEMORANDUM OPINION

BAILEY, Judge:

Appellant Charles W. Tillery, Jr. (Agent) seeks review of the Trial Court's order granting summary judgment to Appellee Oklahoma Farm Bureau Mutual Insurance Company (OFBM) in Agent's action against OFBM for wrongful termination of agency contract. Herein, Agent asserts error of law by the Trial Court, the Trial Court having failed to distinguish between an action for termination of an employee at-will and a breach of contract action.

In 1973, OFBM and Agent entered into an agency contract pursuant to which Agent would sell insurance on behalf of OFBM. The contract provided for termination by either party without cause upon ten days notice. In 1984, OFBM notified Agent of termination of the contract. After termination of the contract, OFBM received and retained all renewal commissions generated originally by Agent without compensating Agent therefor. Agent initiated this action in 1987 alleging OFBM wrongfully terminated the contract.

In 1987, the Trial Court granted summary judgment to OFBM, finding no evidence of bad faith termination of the contract by OFBM. On appeal, the Court of Appeals, Division IV, reversed the order of the Trial Court and remanded the action for further proceedings, finding "a material issue of fact exists as to whether [OFBM] ha[d], in bad faith, deprived [Agent] of 'the fruits of his own labor.' " [1]

On remand, OFBM again moved for summary judgment, arguing (1) no evidence showing termination of the contract in bad faith, and (2) Agent's action, sounding in tort, stood barred by the statute of limitations. The Trial Court again granted OFBM's motion,[2] and Agent appeals as aforesaid.

■ The first issue—that Agent failed to show bad faith on the part of OFBM in terminating the contract—raised by OFBM in its first and second motions for summary judgment, and upon which the Trial Court could have based its order granting

same, has been specifically addressed by the Court of Appeals in Case No. 68,868, the prior appeal in this case. In its opinion in the prior appeal, the Court of Appeals found "a material issue of fact exists as to whether [OFBM] has, in bad faith, deprived [Agent] of 'the fruits of his own labor,' " "i.e., loss of retirement, employment, fringe benefits, and lost commissions and wages," [3] and that finding stands as law of the case, binding on the Trial Court on remand.[4] The Trial Court therefore erred in apparently holding contrary thereto on subsequent summary judgment, and the Trial Court's order should be reversed.

■ OFBM secondly asserts that Agent's cause of action sounds in tort and, because Agent initiated this action more than two years after termination of the contract, the action stands barred by the two year statute of limitations.[5] We disagree. The Supreme Court has recognized, and recently reiterated, the principle that an insurance company "may not unfairly deprive [its] agent of the fruits of that agent's own labor by a wrongful, unwarranted resort to a clause in the agency contract which provides for termination at will." [6] Where an insurance company does so, an agent may bring action to recover commissions lost due to the insurance company's wrongful deprivation of such commissions.[7] Such a cause of action raises a dispute over the "interpretation of contracts for compensation based upon commission sales and not contracts for employment." [8]

1. Charles R. Tillery, Jr., v. Oklahoma Farm Bureau Mutual Insurance Company, Case No. 68,-868 (Okl.App.Div. IV, Jan. 10, 1989).

2. Although only two grounds were raised in OFBM's second motion for summary judgment, the Trial Court granted same "for reasons stated in [OFBM's] briefs". However, OFBM's brief in support of its motion is not included in the record on appeal. This Court, then, will only consider those issues raised in OFBM's motion for summary judgment. See, e.g., Chamberlin v. Chamberlin, 720 P.2d 721, 723–724 (Okl. 1986); Eckel v. Adair, 698 P.2d 921, 925 (Okl. 1984) (Any part of an appellate record which has not been incorporated into the assembled record by a certificate of the clerk of the trial court will not be considered on appeal).

3. Tillery v. Okla. Farm Bureau Mut. Ins. Co., Case No. 68,868, at page 4.

4. See, e.g., Handy v. City of Lawton, 835 P.2d 870 (Okl.1992).

5. 12 O.S.1991 § 95.

6. Hall v. Farmers Insurance Exchange, 713 P.2d 1027, 1031 (Okl.1985); Doyle v. Kelly, 801 P.2d 717, 718 (Okl.1990).

7. Id.

8. Doyle, 801 P.2d at 720.

In the instant case, Agent raised the issue of whether OFBM terminated the contract and wrongfully deprived Agent of the fruits of his labor;[9] the Court of Appeals, Division IV, found facts arguably so showing in the prior appeal,[10] and that holding stands as law of the case.[11] The Court of Appeals having so held, the parties' dispute then necessarily centers on the "interpretation of [a] contract for compensation based upon commission sales,"[12] controlled by the three year statute of limitations governing contracts express or implied.[13] OFBM terminated the subject contract in 1984, and Agent commenced the present action in 1987, within three years. The Trial Court therefore further erred in holding Agent's action time-barred.

The order of the Trial Court granting judgment to OFBM is therefore REVERSED and the cause REMANDED for further proceedings.

GARRETT, P.J., and ADAMS, J., concur.

**9.** *Hall,* 713 P.2d at 1031; *Doyle,* 801 P.2d at 718.

**10.** *Tillery v. Oklahoma Farm Bureau Mut. Ins. Co.,* Case No. 68,868, at page 4. See also, *Hall,* 713 P.2d at 1031; *Doyle,* 801 P.2d at 717.

