19 F.3d 1443
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CEDAR VALE BANK HOLDING COMPANY; Sumner County Bancshares,
Inc.; W.C. Long, Jr., individually and/or derivatively on
behalf of the Cedar Vale State Bank; and the Bank of
Commerce & Trust Co., Plaintiffs-Appellants,
v.
STATE of Kansas, for and on behalf of Kansas Banking
Department; W. Newton Male, Bank Commissioner,
individually; United States of America, for and on behalf
of the Federal Deposit Insurance Corporation; Charles E.
Thacker, Regional Director, individually; Raymond K.
Pritchett, Assistant Regional Director, individually; and
Michael W. Roe, Review Examiner, individually, Defendants-Appellees.
 No. 93-3038.
 United States Court of Appeals, Tenth Circuit.
 March 15, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before LOGAN and MOORE, Circuit Judges, and Kane, Senior District Judge.[2]
 
 
 2
 The facts of this appeal are well known to the parties and require no reiteration. We have examined the briefs and the record and conclude the district court ruled correctly in each instance. The district court carefully analyzed the issues, and our reiteration of its reasoning would be a mindless redundancy; therefore, we affirm for the reasons cited by the district court in its order.
 
 
 3
 Because of certain arguments made by plaintiffs on appeal, we need, however, to make several brief additional comments. First, despite plaintiffs' artful attempts to restructure the essential issue by claiming, in effect, Mr. Long's various communications were the functional equivalent to a formal merger application, it is uncontroverted that plaintiffs simply failed to comply with the federal or state rules on merger. There is no dispute on this fact, and it is the keystone of the district court's analysis. This lack of compliance makes plaintiffs' claims against the defendants ring hollow because, without initiating the merger process, plaintiffs have failed to establish the creation of any duty owed to them by defendants.
 
 
 4
 Plaintiffs argue in several instances the district court erred by ruling upon summary judgment without permitting them discovery. Yet, plaintiffs do not assert they complied with Fed.R.Civ.P. 56(f). That rule permits a party to avoid a premature result by the filing of an affidavit in opposition to summary judgment predicated upon the need for additional discovery. Failure to file such an affidavit forecloses each of those arguments. Brown v. Chaffee, 612 F.2d 497, 504 (10th Cir.1979); Weir v. Anaconda Co., 773 F.2d 1073, 1082-83 (10th Cir.1985); Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 832 (10th Cir.1986); Dreiling v. Peugeot Motors of Am., Inc., 850 F.2d 1373, 1376-77 (10th Cir.1988); Guthrie v. Sawyer, 970 F.2d 733, 738 (10th Cir.1992). We have examined those arguments, however, and find them without substance.
 
 
 5
 For example, plaintiffs argue the court erred by requiring the showing of affirmative misconduct to sustain their state estoppel claim. The argument is advanced even though the district court found the only statement relied upon by plaintiffs to establish the estoppel claim was made by a federal official. How that official could bind the state, or how discovery would have produced such evidence is not explained.
 
 
 6
 Plaintiffs attempt to avoid this problem by arguing state officers made statements in the presence of FDIC officials stating plaintiffs would have additional time to inject capital into Cedar Vale. Plaintiffs assert these statements were made even though the bank was scheduled for an FDIC examination. They argue, therefore, the district court erred in concluding plaintiffs did not show affirmative misconduct. The logic of the argument escapes us.
 
 
 7
 Without a showing of a nexus between statements made by state officers and the FDIC actions--for example, that the state defendants knew in advance the FDIC was going to find Cedar Vale insolvent--the facts do not lead to the conclusion espoused by plaintiffs. Moreover, it is noteworthy that plaintiffs have not explained what other predicate statements or acts by the state officials would otherwise give rise to a duty to disclose that would signal possible estoppel, even if such a doctrine is available in Kansas to the state and its officers.
 
 
 8
 Additionally, plaintiffs claim the district court erred in refusing to find issues of material fact surrounding their claim the State acted arbitrarily and capriciously in the closing of Cedar Vale. While Peoples State Bank was given six months to work out its insolvency, Cedar Vale got two weeks, plaintiffs maintain.[3] They assert the two banks were alike in every respect.
 
 
 9
 The district court rejected the claim by distinguishing the actual differences between the two institutions and their approach to resolution of their financial problems. Not the least of these differences was the agreement of People's owners to inject $5,575,168, including $2.7 million of new capital, into their bank. When considered against the fact that plaintiffs' solution to Cedar Vale's problems was to infect a reasonably healthy bank with the ills of a moribund institution, the district court rightfully concluded the state defendants did not act arbitrarily or capriciously.
 
 
 10
 Aside from those contentions foreclosed by plaintiffs failure to file a Rule 57(f) affidavit, we believe plaintiffs' arguments concerning the federal defendants were properly resolved by the district court. The claims related to alleged errors in the application of federal banking law are supported by no explanation of how plaintiffs acquired a private right of action for damages against individual federal employees which arose from these alleged errors. Moreover, plaintiffs' effort to fashion a Bivens claim is predicated upon an unsupportable due process argument. See Hilst v. Bowen, 874 F.2d 725, 727-28 (10th Cir.1989). The availability of a comprehensive remedy of administrative review of the agency actions precludes a damage action. Id. We need not examine the remaining contentions.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable John L. Kane, Jr., Senior Judge for the United States District Court for the District of Colorado, sitting by designation
 
 
 [3]
 The record indicates otherwise, however